**In re ABRAHAMSEN.**

**Patent Appeal No. 2931.**

Court of Customs and Patent Appeals.
April 4, 1932.

See, also, 53 F.(2d) 893.

C. A. Weed, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed his application in the United States Patent Office for a patent upon certain improvements in floor scrapers. All his claims, nine in number, were rejected. Claims 1 and 2 are typical and are as follows:

"1. A moulding scraper comprising a cup-shaped blade having a cutting edge and a handle secured to the outer face of the blade at the apex thereof.

"2. A moulding scraper comprising a cup-shaped blade having a cutting edge sharpened by filing or grinding the edge crosswise of the cup-shaped blade thereby preserving the shape thereof at all times and a handle secured to the outer face of the blade at the apex thereof."

The cited references were as follows:

Harris, 48,554, July 4, 1865.
Rewrick et al., 231,850, August 31, 1880.
Agan, 407,562, July 23, 1889.
Nittinger, 478,810, July 12, 1892.
Kraeuter, 953,171, March 29, 1910.

Appellant's device, as shown by his application, is a tool having a round concavo-convex metal blade, with a detachable handle rigidly secured to and projecting from the center of the convex surface. The peripheral edge of the blade is sharp in a plane perpendicular to the axis of the handle.

The rejected claims, with the exception of the introductory words, "a moulding scraper," read directly upon the references Agan and Nittinger. The construction is identical. The Agan and Nittinger tools are proposed to be used for scraping hogs, and appellant insists these are not proper references, because taken from a nonanalogous art. In this connection C. & A. Potts & Co. v. Creager, 155 U. S. 597, 15 S. Ct. 194, 199, 39 L. Ed. 275, is cited.

The gist of the case cited is found in the following words: "As a result of the authorities upon this subject, it may be said that, if the new use be so nearly analogous to the former one that the applicability of the device to its new use would occur to a person of ordinary mechanical skill, it is only a case of double use; but if the relations between them be remote, and especially if the use of the old device produce a new result, it may at least involve an exercise of the inventive faculty. Much, however, must still depend upon the nature of the changes required to adapt the device to its new use."

In the case now before us, no changes of any kind are required to adapt Agan's and Nittinger's devices for the use which appellant proposes. The patentees are entitled to any use to which their devices may be put. In re Smith, 36 F.(2d) 302, 17 C. C. P. A. 644; C. & A. Potts & Co. v. Creager, supra.

In this connection, reference may be had to In re Voorhees, 40 F.(2d) 773, 17 C. C. P. A. 1162, where this court held that a patent upon a can cover might be cited as a reference against an application for patent upon a cap for flash-lights.

The words "a moulding scraper," appearing in the claims, are introductory only, and add no inventive element to the claims. In that respect they much resemble the words, "in an engraving machine," discussed by this court in Braren v. Horner, 47 F.(2d) 358, 361, 18 C. C. P. A. 971, and other cases therein cited.

The decision of the Board of Appeals is affirmed.

Affirmed.